```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 12-21886-Civ-SEITZ
                                  03-22176-Civ-MOORE
                                 (01-00456-Cr-MOORE)
                         MAGISTRATE JUDGE P. A. WHITE
MAURICE WARREN,           :

     Movant,              :

v.                        :         REPORT OF
                                    MAGISTRATE JUDGE
UNITED STATES OF AMERICA  :

     Respondent.          :
_____
```

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to the Writ of Audita Querela, in which he attacks his sentences of 188 months imprisonment followed by a consecutive sentence of 60 months in prison for his cocaine and firearm offenses, entered following a jury verdict in case no. 01-00456-Cr-Moore.

The Court has reviewed the motion (Cv-DE#1), the government's response (Cv-DE#5), the movant's reply thereto (Cv-DE#8), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's arguments liberally as afforded pro se prisoners pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to argue that he is entitled to resentencing in light of Apprendi[1] and Booker.[2] For relief, he seeks vacatur of his

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] United States v. Booker, 543 U.S. 220 (2005).

sentencing and an adjustment to his term of imprisonment.

## Procedural History

The procedural history of the underlying criminal case reveals that the movant was charged by indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1), attempted possession with intent to distribute five kilograms or more of cocaine (Count 2), conspiracy to use and carry firearms in relation to a drug offense (Count 3), and using and carrying a firearm during and in relation to a drug trafficking offense (Count 4).  (Cr-DE#15).

All three codefendants proceeded to jury trial, where they presented a joint entrapment defense. Movant was found guilty as charged. On November 20, 2001, movant appeared for sentencing wherein he was sentenced to 188 months imprisonment as to Counts 1, 2, and 3, to run concurrently with each other and consecutively to the 60 month sentence of imprisonment imposed as to Count 4.  An appeal was filed with the Eleventh Circuit Court of Appeals, wherein, as one of his claims, petitioner argued that based on Apprendi, Section 841 was unconstitutional on its face. (See Case No. 03-22176-Cv-Moore,DEs#6,11). Notwithstanding, his convictions and sentences were affirmed per curiam without written opinion on appeal in an opinion entered on January 31, 2003. No petition for certiorari review appears to have been filed. Consequently, for purposes of the federal one-year limitations period, the judgment of conviction in the underlying criminal case became final at the latest on May 1, 2003, when time expired for seeking certiorari review, ninety days following the entry of judgment on direct

appeal.[3]

The movant returned to this court on August 10, 2003 and filed a motion to vacate conviction and sentence pursuant to 28 U.S.C. §2255, wherein he raised five claims, including a claim pursuant to Apprendi arguing the district court failed to instruct the jury on all elements to be proven. (Case No. 03-22176-Cv-Moore,DEs#1,2). On March 19, 2004, the undersigned filed a Report recommending the denial of movant's habeas corpus petition, which was subsequently adopted by the District Court on June 30, 2004. (Id.,DEs#11,20). Both the District Court and the Eleventh Circuit Court of Appeals denied movant a certificate of appealability. (Id.,DEs#23,30).

The movant next filed the instant petition for Writ of Audita Querela on May 14, 2012, arguing that the District Court violated Apprendi and its progeny. (Cv-DE#1). In essence, movant argues that under subsequent cases such a Blakely, v. Washington, 542 U.S. 296 (2004), Booker, supra the District Court should have treated his sentencing guidelines as advisory, and not mandatory. (Id.). Had the Court done so, he asserts, he would have received a lesser sentence. (Id.).

However, relief is not available pursuant to the Writ of Audita Querela. Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se prisoner and determine whether the motion is, in effect, cognizable under a different remedial statutory framework. United

---

[3]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

## Successive Motion

First, this is a second or successive application for §2255 habeas corpus relief. Before a federal prisoner may file a second or successive §2255 motion, he must obtain an order from the appropriate court of appeals, authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A); 28 U.S.C. §2255(h); In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Because the movant filed a prior §2255 motion which was denied, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive §2255 motion, the Court is without jurisdiction to entertain his motion as a §2255 motion. See, e.g., Boone v. Secretary, Dep't of Corrections, 377 F.3d 1315, 1317 (11th Cir. 2004); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The Eleventh Circuit has determined that the "inadequate or ineffective" savings clause of §2255 applies when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first §2255 motion." See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). As discussed below, the "inadequate or ineffective" savings clause of §2255 does not allow the movant to escape the gatekeeping provisions of the AEDPA merely by characterizing his motion in the alternative as one made pursuant to these other writs.

4

## Writ of Audita Querela

The movant seeks relief pursuant to a Writ of Audita Querela.[4] The movant, however, is not entitled to relief pursuant to the Writ of Audita Querela when the relief sought is cognizable under 28 U.S.C. §2255. See United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005); United States v. Jackson, 2005 WL 3304008 (11th Cir. 2005); see also, United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). In Holt, the petitioner filed a motion for writ of audita querela seeking relief under Blakely and Booker. Holt, like the movant here, argued that the court could vacate his conviction or sentence pursuant to a writ of audita querela as this was a legal objection which did not exist at the time the judgment was entered. United States v. Holt, 417 F.3d at 1174. The court held:

> [A] writ of audita querela may not be granted when relief is cognizable under §2255. Because, in the instant case, Holt is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is §2255. See 28 U.S.C. §2255.

Id. at 1175. Though the court could liberally construe the motion as a §2255 motion, the district court lacks jurisdiction to consider it because authorization for filing had not been granted by the Eleventh Circuit. Id. (citations omitted).

Here, the movant has already been denied §2255 relief, and must obtain authorization from the Eleventh Circuit before filing

---

[4] The writ of Audita Querela, Latin for "the complaint having been heard," was an ancient writ used to attack the enforcement of a judgment after it was rendered. United States v. Holt, 417 F.3d 1172 (11th Cir. 2005). The writ was abolished, however, in the civil context by the Federal Rules of Civil Procedure. See Holt, supra, citing, Fed.R.Civ.P. 60(b).

5

a second or successive §2255 motion. See 28 U.S.C. §2255 ¶8 (referencing §2244); §2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. §2255, para.8.").

As authorization has not been granted, this court lacks jurisdiction. The restrictions on filing a second or successive motion cannot "be evaded by the simple expedient of labeling second or successive filings to be something they are not." Gonzalez v. Secretary for the Dept. of Corr., 366 F.3d 1253, 1277, n.10 (11th Cir. 2004)(*en banc*).

The movant claims that he is entitled to a reduction in sentence based on Booker because they created a new interpretation of the guidelines, thus the effect of the finality of the judgment can be appealed and modified under Title 18 U.S.C. §3582(b)(3) and §3742(a)(2) based on the mandatory application of the sentencing guidelines. (Cv-DE#1:14). These sections do not authorize review. Section 3742, governing review of a sentence on direct appeal, is inapplicable here, as this case is many years past the direct appeal. Section §3582(b)(3) provides that although a sentence may be "appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742," the judgment still "constitutes a final judgment for all other purposes." It has no apparent relevance here.

It may be that the movant intended to cite §3582(c)(3), regarding modification of an imposed term of imprisonment based on a retroactive amendment to the sentencing guidelines. (Cv-DE#1:13). As discussed infra, the movant is not entitled to relief. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert.

den'd, ___ U.S. ___, 129 S.Ct. 2382, 173 L.Ed.2d 1300 (2009)(Booker and Kimbrough do not apply in §3582(c)(2) proceedings); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (§3582(c)(2) did not provide a jurisdictional basis to reduce sentence; "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission" and therefore "inapplicable to §3582(c)(2) motions."). See also 421 F.3d at 1220 (noting that Booker does not apply retroactively on collateral review, and the Supreme Court has not made it retroactive "for purposes of authorizing a second or successive §2255 motion.")(citations omitted).

### Discussion of Claim

Notwithstanding, movant's claim is not meritorious. The Eleventh Circuit has held that Blakely and its progeny, Booker, do not apply retroactively to §2255 cases on collateral review. See, Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005); In re Anderson, 396 F.3d. 1336 (11th Cir. 2005)(holding that the rules in Blakely and Booker are not applicable retroactively on collateral review because the Supreme Court has not expressly declared it to be, but instead expressly extended the holding "to all cases on direct review"), citing, Schriro v. Summerlin, 542 U.S. 348 (2004)(holding that Ring v. Arizona, 536 U.S. 584 (2002), an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), is not retroactive to cases on collateral review)); see also, McCoy v. United States, 266 F.3d 1245, 1259 (11th Cir. 2001).

Moreover, at the time the movant's judgment became final on May 1, 2003, neither Blakely nor Booker had been decided.[5] Although

---

[5] Blakely was decided on June 24, 2004. Booker was decided on January 12, 2005.

7

the precursor of those cases, Apprendi v. New Jersey, 530 U.S. 466 (2000) had been decided, at that time, the Eleventh Circuit had held that Apprendi did not apply to judge-made determinations pursuant to the Sentencing Guidelines. See, e.g., United States v. Nealy, 232 F.3d 825, 829 n. 3 (11th Cir. 2000)("The Sentencing Guidelines are not subject to the Apprendi rule."); United States v. Harris, 244 F.3d 828, 829-30 (11th Cir. 2001)(holding that Apprendi does not apply to the relevant conduct provision of the Sentencing Guidelines); see also United States v. Diaz, 248 F.3d 1065, 1105 (11th Cir. 2001)(noting that "Sentencing Guideline issues are not subject to the Apprendi rule and, thus, there is no requirement that sentencing facts be submitted to a jury and found beyond a reasonable doubt"). Those decisions also explicitly exempted the fact of prior convictions from those facts that increase a sentence that must be found by a jury or admitted by the defendant. See Booker, 125 S.Ct. at 756; Apprendi, 530 U.S. at 490.

Moreover, the Eleventh Circuit has held that there is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions. See United States v. Gallegos-Aquero, 409 F.3d 1274 (11th Cir. 2005), citing, United States v. Orduno-Mireles, 405 F.3d 960, 962-963 (11th Cir. 2005)(holding that Blakely and its progeny did not disturb the Supreme Court's prior holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the government need not allege in its indictment nor prove beyond a reasonable doubt that a defendant had prior convictions in order to use those convictions for purposes of enhancing a defendant's sentence.). See also United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005)(same).

To the extent movant requests an evidentiary hearing, this too should be denied. A hearing is not required on patently frivolous

claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979).

## Conclusion

It is therefore recommended that this motion be dismissed as successive, and alternatively denied on the merits.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 23rd day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Maurice Warren, Pro Se
      Reg. No. 67267-004
      F.C.I.- Forrest City (Medium)
      Inmate Mail/Parcels
      P.O. Box 3000
      Forrest City, AR 72336

      Brian K. Frazier, AUSA
      U.S. Attorney's Office
      99 NE 4th Street
      Miami, FL 33132

9